UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ARTHUR JENNEJAHN,

              Plaintiff,

      v.

VILLAGE OF AVON, et al.,

              Defendants.
_____

DECISION & ORDER

06-CV-6054T

        Plaintiff Arthur Jennejahn ("Jennejahn") has commenced this action under 42 U.S.C. § 1983 against defendants, alleging that he was subjected to excessive force during an arrest on June 14, 2004 in violation of the Fourth Amendment's proscription against unreasonable seizures. (Docket # 1). On August 22, 2008, this Court issued an Order granting defendants' motion for summary judgment. (Docket # 28). Jennejahn now moves for reconsideration of that Order, arguing that the Court overlooked factual allegations and legal authority demonstrating the existence of material issues precluding summary judgment. (Docket # 30). Defendants oppose Jennejahn's motion. (Docket # 32). For the reasons discussed below, Jennejahn's motion for reconsideration is denied.

        The facts relevant to this case are described in detail in this Court's August 22, 2008 opinion granting defendants' motion for summary judgment. (Docket # 28). Those facts will not be restated here, and familiarity with this Court's earlier decision is assumed.

        "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied. *Id*. ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

Jennejahn's memorandum in support of his pending motion reiterates the same factual allegations that were before this Court on defendants' motion for summary judgment. Those allegations were fully considered by the Court in its August decision. Indeed, as the decision made clear, this Court accepted Jennejahn's version of the events at issue in this lawsuit, where it differed from defendants' version. (*See* Docket # 28 at 11) ("even if Jennejahn's account of his arrest is credited, Sexstone's actions involved no more than *de minimus* use of force").

Jennejahn also maintains that the earlier decision overlooked controlling authority – namely, *Robison v. Via*, 821 F.2d 913 (2d Cir. 1987), and subsequent authority reaffirming *Robison* – making clear that a plaintiff need not demonstrate severe or permanent injuries to recover on a claim of excessive use of force. (Docket # 30-3 at 8). This Court agrees with plaintiff's interpretation of that authority and stated so in its earlier decision. *See* Docket # 28 at 11 ("a showing of excessive force does not require proof of permanent injury, *see Corselli v. Coughlin*, 842 F.2d 23, 26 (2d Cir. 1988) ("[e]ven if the injuries suffered 'were not permanent or severe,' a plaintiff may still recover if the 'force used was unreasonable and excessive'") (quoting *Robison v. Via*, 821 F.2d 913, 924 (2d Cir. 1987)"). The issue on which Jennejahn and this Court disagree is whether the facts of this case are sufficiently similar to *Robison* to justify

the same result (denial of defendants' summary judgment motion). Jennejahn contends that they are; I find otherwise.

As my earlier opinion explains, Jennejahn has adduced no evidence that he suffered *any* demonstrable injury, "however slight or fleeting." (*See id.*). In *Robison*, by contrast, the plaintiff asserted that defendant's conduct had resulted in bruises that lasted several weeks. *Robison v. Via*, 821 F.2d at 916. Nothing that Jennejahn asserts in his pending motion leads me to alter my finding that he sustained no physical injury.

Moreover, as my earlier opinion sets forth, defendants are entitled to summary judgment not solely on the basis of the absence of injury, but on the basis of "Jennejahn's assertions about the arresting officer's conduct, coupled with the absence of any injuries therefrom." (Docket # 28 at 11). In other words, my decision that Jennejahn cannot, even under his version of the events, demonstrate that he was subjected to objectively unreasonable force was based upon the totality of the circumstances, one component of which was the lack of injury.

In sum, for the reasons explained more fully in the previous decision, defendants are entitled to summary judgment. Accordingly, plaintiff's motion for reconsideration **(Docket # 30)** is **DENIED.**

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
       March  25 , 2009